931 F.2d 55
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Ray WADELINGTON, a/k/a Big William, Defendant-Appellant.
 No. 90-5051.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 8, 1991.
Decided April 26, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CR-89-174-G)
 Michael E. Lee, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Ray Wadelington appeals his conviction on one count of violation of 21 U.S.C. Sec. 846 after a guilty plea. His attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). After reviewing the entire record and all pertinent papers, we affirm.
 
 
 2
 The only issue raised by Wadelington in the Anders brief is whether the sentence was excessive for the conduct for which Wadelington was convicted. However, as the sentence imposed on Wadelington was the mandatory minimum under 21 U.S.C. Sec. 841(b)(1)(A), and because the sentence was the lowest possible under the guidelines, we find that it was proper. Wadelington did not file a supplemental brief raising any other issues, and none appear in the record.
 
 
 3
 In the case of an unsuccessful appellant represented by counsel, the responsibilities of the attorney are set forth in the plan adopted by The Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client. Therefore, counsel's request to withdraw from further representation is denied.
 
 
 4
 Because the record and briefs disclose no reversible error, we dispense with oral argument and affirm the conviction.
 
 
 5
 AFFIRMED.